UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE: MICHAEL A. GRAL,

        Debtor.

Bankruptcy Case No. 16-21329-gmh
(Chapter 7)

---

PATRICK S. LAYNG,
United States Trustee,

        Plaintiff,

v.

Michael A. Gral,

        Defendant.

Adversary Case No. 19-

---

### UNITED STATES TRUSTEE'S COMPLAINT TO DENY MICHAEL A. GRAL'S DISCHARGE

---

United States Trustee Patrick S. Layng, by Attorney Laura D. Steele, pursuant to 11 U.S.C. § 727(a) and 727(c), requests that the Court deny Michael A. Gral's discharge. In support of this complaint, the United States Trustee states:

### I.     JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(j) and 1334. This is a core proceeding, and the United States Trustee consents to final judgment of the Court.

2. The United States Trustee has standing to file this proceeding under 11 U.S.C. § 307 and 11 U.S.C. § 727(c)(1).

3. Venue for this proceeding is in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1409(a).

Laura D. Steele
Attorney for the United States Trustee
517 E. Wisconsin, #430
Milwaukee, WI 53202
(414) 297-4499 fax (414) 297-4479

4. This action arises under 11 U.S.C. § 727(a) and Fed. R. Bankr. P. 7001(4).

5. The Plaintiff, Patrick S. Layng, is the United States Trustee for the Eastern District of Wisconsin and maintains an office at 517 East Wisconsin Avenue, Suite 430, Milwaukee, Wisconsin 53202.

6. The Chapter 7 trustee is Steven McDonald.

7. The Defendant, Michael A. Gral, resides at 6823 N. Barnett Lane, Milwaukee WI 53217.

8. The deadline to object to discharge is August 30, 2019.

9. This adversary proceeding is timely filed.

## II.     FACTS

10. On February 20, 2016, the Defendant filed a petition under chapter 11 of the bankruptcy code.

11. The Defendant filed his schedules and statement of financial affairs on March 21, 2016. Docket No. 52. The Defendant filed his statement of current monthly income on March 23, 2016. Docket No. 54. The Defendant filed an amended statement of financial affairs on January 25, 2017. Docket No. 658.

12. The Defendant appeared for his Chapter 11 meeting of creditors on March 28, 2016.

13. The Defendant testified under oath that this schedules were true and accurate.

14. The Defendant testified that he understood his financial reporting obligations as a Chapter 11 debtor.

15. The Defendant prepared, signed under penalty of perjury, and filed monthly operating reports for each month the Chapter 11 case was pending. Docket Nos. 108, 237, 246, 296, 297, 341, 452, 496, 552, 594, 650, 652, 682, 713, 716, 780, 827, 871, 894, 974, 951, 1022, 1081, 1135, 1176, 1220, 1312, 1394, 1439, 1482, 1529, 1553, 1616, 1623, 1634, 1646, 1659. *See United States Trustee Summary of Monthly Operating Reports,* **Exhibit A.**

16. The Court entered an order converting the Defendant's Chapter 11 case to Chapter 7 on March 20, 2019. Docket No. 1644.

17. The Court did not schedule a hearing to consider approval of any disclosure statement or plan filed in this case.

*Schedule AB*

18. Among the assets disclosed on schedule AB include the Defendant's:

    a. $1.025 million dollar home in Fox Point, Wisconsin;

    b. one vehicle, a 1999 Mercedes Benz with a value of $1,000;

    c. interests in various real estate holding and management companies, including a 50% interest in Integral Management Co. LLC with a value of $1,004.

    d. an unliquidated "right to sue for avoidance actions and other fiduciary obligations" Docket No. 52 at pg. 3-13.

19. Following conversion, the Defendant amended his schedule AB to disclose his 50% interest in Integral Management Co. LLC with a value of $0. Docket No. 1687 at pg. 4.

*Schedule I*

20. The Defendant disclosed gross wages of $8,400. Docket No. 52 at pg. 36-37.

21. The Defendant did not disclose any regular contributions to his household expenses. *Id.* at pg. 37.

*Schedule J*

22. The married Defendant disclosed on schedule J that he has no dependents.

23. The Defendant further disclosed total monthly expenses of $9,482, including:

    a. $4,790 monthly expense for his mortgage and real estate taxes for his $1.025 million dollar home in Fox Point, Wisconsin; and

    b. $800 for food and housekeeping supplies.

3

Docket No. 52 at pg. 38-39.

*Statement of Current Monthly Income*

24. The Defendant disclosed gross wages, salary, tips, bonuses, overtime and commissions of $8,400 per month on his statement of current monthly income. Docket No. 54 at pg. 1.

25. The statement of current monthly income states $0 in response to item no. 4, requiring disclosure of "all amounts from any source which are regularly paid for household expenses of you or your dependents." *Id.* at pg. 2.

26. The Defendant further disclosed the following monthly income from all other sources, including "CV Draw" in the amount of $6,187, and Gral Holdings Key Biscayne in the amount of $1,364, for total current monthly income of $15,951. *Id.* at pg. 3.

27. The Defendant declared that his statement of current monthly income was true and correct.

*Statement of Financial Affairs*

28. On his statement of financial affairs (SOFA), the Defendant disclosed gross wages of $118,500 for 2015 and $134,247 for 2016. Docket No. 52 at pg. 42; Docket No. 658 at pg. 2.

29. In response to SOFA question 23, the Defendant disclosed that he did not hold or control any property that someone owns. Docket No. 52 at pg. 48; Docket No. 658 at pg. 9.

*Personal Budget*

30. Pursuant to the Court's order, the Defendant provided the Court with his personal budget. Docket No. 789.

31. The Defendant disclosed a monthly salary of $10,000 from Integral Management Company, LLC, $1,364 from GHKP GP Fees, and $2,500 monthly from Gral Investment Company LLC, for projected total monthly income of $13,864. *Id.*

32. The Defendant left blank any disclosure of employer reimbursements. *Id.*

*Monthly Operating Reports*

33. The Defendant filed monthly operating reports from the petition date through March 2019.

34. The Defendant did not disclose any contributions or reimbursements toward his and his dependents' personal expenses from the petition date through March 2019.

35. The monthly operating reports further do not align with income and expense projections disclosed on the Defendant's schedules or filed personal budget.

36. For example:

    a. From March 2016 through December 2016, the Defendant reported cash receipts totaling $127,555, for average monthly receipts of $12,755.

    b. For 2017, the Defendant reported cash receipts totaling $208,269, for average monthly receipts of $17,355. The Defendant's bankruptcy estate tax return for 2017 reported $125,000 in wage income from Integral Management Company LLC.

    c. For 2018, the Defendant reported cash receipts of $281,559, for average monthly receipts of $23,463.

    UST Exhibit A.

37. In addition to the Defendant's monthly salary from Integral Management Company LLC, the Defendant took draws or distributions from non-debtor entities controlled by the Defendant totaling approximately $230,800 from the petition date through March 2019. *See Exhibit A*.

38. For example:

    a. the Defendant received $31,600 from Gral Investment Company, LLC on October 14, 2016. (Dkt. No. 552).

    b. $2,200 "owner draw" from Gral Investment Company, LLC on December 27, 2016. (Dkt. No. 650).

5

c. $15,000 from Gral Investment Company, LLC on January 24, 2017. (Dkt. No. 682).

d. $20,000 from Gral Investment Company, LLC on February 15, 2017. (Dkt. No. 713).

*Park Bank's Rule 2004 Examination of*
*Integral Management Company LLC*

39. Park Bank obtained a Rule 2004 order to examine Integral Management Company LLC. Docket No. 1511.

40. Pursuant to the Rule 2004 order, the Defendant, as representative of Integral Management Company LLC, appeared and produced bank records from March 1, 2018 through July 31, 2018, for the examination, conducted on August 24, 2018. The United States Trustee attended the examination.

41. The sole member of Integral Management Company LLC is Integral Services LLC.

42. The members of Integral Services LLC are the Defendant's disregarded living trust, and his brother, DJ Gral, each with a 50% interest.

43. At the examination, the Defendant testified that he held a debit card in the name of Integral Management Company LLC.

44. The Defendant testified Integral Management Company LLC pays all automobile expenses for the Defendant and his wife and son, including the payments on two leased vehicles.

45. Upon information and belief, Integral Management Company LLC paid automobile expenses on behalf of the Defendant and his family both prepetition and during the pendency of his Chapter 11 case.

46. The Defendant testified that neither his wife nor son is on the Integral Management Company LLC payroll.

47. In 2017, Integral Management Company LLC paid approximately $17,239 in automobile expenses on behalf of the Defendant and his family members.

48. Among these expenses are lease payments on two vehicles driven by the Defendant's wife and son ($10,891); repair costs for the Defendant's personal vehicle ($1,885); insurance for the Defendant's personal vehicle, as well as for the leased vehicles ($2,185); and gasoline ($4,773).

49. Integral Management Company LLC bank records indicate withdrawals for gas expenses outside of Wisconsin. For example, bank records for June 2018 include debits for gasoline purchased in Nebraska ($65), and in Colorado ($114).

50. Upon information and belief, Integral Management Company LLC has no business outside of Wisconsin.

51. Upon information and belief, the gas charges in Nebraska and Colorado were for personal expenses of the Defendant and or his family

52. On June 6, 2018, Integral Management Company LLC issued a check for $295 to the Milwaukee Clerk of Circuit Court Cashier.

53. The Defendant testified the check was issued to pay for his wife's speeding ticket.

54. Also on June 6, 2018, Integral Management Company LLC issued a check for $149.20 to Mid-Moraine Municipal Court.

55. The Defendant testified the check was issued to pay for his son's speeding ticket.

56. The Defendant further testified that Integral Management Company LLC pays for his uninsured medical expenses, and health insurance for the Defendant and his family.

57. The Defendant testified that he uses the Integral Management Company LLC debit card to pay for uninsured medical expenses, including pharmacy expenses.

58. Integral Management Company LLC bank records further indicate withdrawals for dining out, groceries, Costco, and fees and costs for expert witnesses in his related bankruptcy proceedings.

59. For example, the Defendant testified that a $161 charge at Bacchus restaurant on April 26, 2018 was his personal charge.

60. Upon information and belief, the Defendant made personal withdrawals from accounts held by Integral Management Company LLC during the pendency of this bankruptcy case.

61. The Defendant did not disclose the personal withdrawals from the Integral Management Company LLC bank accounts within his monthly operating reports.

*The United States Trustee's Inquiry*

62. Following the Rule 2004 exam, the United States Trustee sent an inquiry via email on August 28, 2018, including requests for:

   a. Employment compensation agreement between Integral Management Company LLC and Michael Gral, including a description of all benefits;

   b. Records of any vehicle allocation expenses for Integral Management Company LLC vehicles operated by the Defendant, his spouse and his son – including personal mileage records;

   c. Integral Management Company LLC bank records from February 2016 to [August 2018]—including itemization of debits/checks for personal expenses;

   d. Amended operating reports reflecting all expenses paid by Integral Management Company LLC directly on behalf of the Defendant, his spouse and his son – including vehicle, personal, and medical.

63. The United States Trustee received a response on September 25, 2018.

8

64. The Defendant did not provide any compensation agreement with Integral Management Company LLC.

65. The Defendant provided a one-page handwritten sheet stating the vehicle mileage, lease payments, repair costs, insurance costs, license registration costs, and gas costs for the year 2017 for three vehicles. **Exhibit B.**

66. The Defendant refused to provide Integral Management Company LLC bank records and itemization of personal expenses withdrawn from the Integral Management Company LLC accounts.

67. The Defendant refused to amend his monthly operating reports to disclose the expenses paid by Integral Management Company LLC on behalf of the Defendant and his family.

### III. ALLEGATIONS

#### Count I
#### The Defendant's Discharge Should Be Denied for Making False Oaths
#### Pursuant to 11 U.S.C. § 727(a)(4)(A)

68. All of the preceding paragraphs are incorporated and realleged herein by reference.

69. Section 727(a)(4)(A) provides that the court may not grant a debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case--(A) made a false oath or account . . . ." 11 U.S.C. § 727(a)(4)(A).

70. The burden of proof lies with the plaintiff to establish five elements: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with intent to defraud; and (5) the statement is related to the bankruptcy case in a material way. *In re Tauber*, 349 B.R. 540, 557-558 (Bankr. N.D. Ind. 2006) (citing *[In re] Bailey*, 145 B.R. [919] at 926 [(Bankr. N.D. Ill.1992)].

### a. Statement Under Oath

71. The first issue to determine is whether the Defendant made a statement under oath.

72. Bankruptcy petitions, schedules and statements of financial affairs, and amended schedules constitute statements under oath.

73. A debtor's testimony at the § 341 meeting and Rule 2004 examination are statements made under oath.

74. Monthly operating reports are also signed under penalty of perjury, and are statements under oath. *In re Hannon,* 512 B.R. 1, 14 (Bankr. D. Mass. 2014), *subsequently aff'd*, 839 F.3d 63 (1st Cir. 2016).

### b. False Statements

75. The next issue is whether the Defendant made false statements. Monthly operating reports with material misrepresentations or omissions constitute false statements under oath.

76. The Defendant made false statements when he signed his monthly operating reports under penalty of perjury but did not disclose the receipt of contributions and or reimbursements for his and his family's personal expenses.

77. For example, the Defendant did not disclose:

    a. nearly $17,000 in automobile expenses paid for by Integral Management Company LLC on behalf of the Defendant and his family members in 2017;

    b. payment of nearly $445 in speeding tickets for his family in 2018;

    c. payment of his uninsured medical costs by Integral Management Company LLC;

    d. withdrawals from Integral Management Company LLC bank records for personal expenses, including dining out, groceries, Costco, and fees and costs for expert witnesses in his related bankruptcy proceedings.

78. The Defendant further made false statements when he did not disclose contributions by Integral Management Company LLC for his and his household's personal expenses within his statement of current monthly income and schedules, or at the meeting of creditors.

79. The Defendant made false statements when he did not disclose that he held or controlled a debit card in the name of Integral Management Company LLC.

80. The Defendant made false statements when he did not disclose that he held or controlled two vehicles leased by Integral Management Company LLC for the benefit of him and his family.

### c. *Knowing and Fraudulent*

81. Once a false oath is demonstrated, the next issue that needs to be addressed is whether the Defendant made these false statements knowingly and fraudulently.

82. The Defendant knew that Integral Management Company LLC paid for his and his dependents' personal expenses.

83. The Defendant refused to disclose to the United States Trustee bank records and itemizations detailing the personal expenses paid by Integral Management Company LLC.

84. The Defendant refused to amend his monthly operating reports to disclose contributions by Integral Management Company LLC to his and his dependents' personal expenses.

85. The Defendant's omission of the personal expense contributions paid by Integral Management Company LLC during the pendency of the Defendant's Chapter 11 case and his refusal to amend operating reports to disclose this information after it was requested by the United States Trustee demonstrate his intent to defraud, or his reckless indifference to the truth.

86. Given the volume and repeated nature of the Defendant's omissions, the only plausible conclusion is that the Defendant acted with reckless indifference to the truth when filing his monthly operating reports and his schedules. *See, e.g., In re Hannon*, 512 B.R. at 17.

### *d.    Materiality*

87. Finally, the plaintiff must show that the false statements made by the debtor relate materially to the bankruptcy case.

88. A statement is generally material if it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of property." *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 111 (1st Cir. 1987).

89. The false statements on the Debtor's monthly operating reports were clearly material to his bankruptcy case.

90. The Defendant's omissions and false oaths are directly related to his bankruptcy.

91. The Defendant's failure to disclose the contributions from Integral Management Company LLC toward his personal expenses prevented interested parties from accurately assessing the Defendant's true financial condition. His actions have made the information in his monthly operating reports unreliable.

92. The Defendant failed to disclose material information about his financial circumstances and should not receive a discharge.

### IV.    CONCLUSION

In light of the Defendant's false oaths as detailed above, the Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE,** Plaintiff requests that the Court deny the Defendant's discharge and for such other relief as is just and equitable.

Dated: August 30, 2019.

                                        PATRICK S. LAYNG
                                        United States Trustee

                                        LAURA D. STEELE
                                        Attorney for the United States Trustee