UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral,

    Defendant.

Case No. 16-21329-gmh
Chapter 7

Patrick S. Layng,

    Plaintiff,

v.

Michael A. Gral,

    Defendant.

Adversary Case No: 19-02146-gmh

**DEFENDANT'S ANSWER TO U.S. TRUSTEE'S COMPLAINT TO DENY DISCHARGE**

Defendant answers Plaintiff's Complaint:

1. Answering paragraph 14, denies knowledge or information to form a belief as to the truth of the allegations contained therein, and thereby denies same.

2. Answering paragraph 22, Defendant has a child under the age of 18 living in the family residence through the late summer of 2019.

3. Answering paragraph 32, denies the allegations contained therein, and states that there was no "blank" for disclosure of employer reimbursements, nor were there any anticipated employer reimbursements, nor have there been any but de minimis employer reimbursements.

4. Answering paragraph 34, admits the allegations contained therein and affirmatively alleges that the Defendant has historically not received any contributions or reimbursements towards personal expenses.

5. Answering paragraphs 35 and 36, the monthly operating reports do necessarily align with the Defendant's budget except where the Defendant became liable for administrative expenses for various professionals. At the time the Defendant prepared his budget, he was unable to anticipate the depth of the cumulating administrative expenses primarily from the court appointed examiner, and from the three counsels hired by the committee of unsecured creditors.

6. Answering paragraphs 37 and 38, affirmatively alleges that any payments he received from non-Defendant entities were utilized to pay administrative expenses, which would have been otherwise unpaid.

7. Answering paragraph 43, admits the allegations contained therein, and affirmatively alleges that all employees of IMC have debit cards.

8. Answering paragraphs 44 and 45, denies that Defendant testified that all automobile expenses are paid for by IMC. Affirmatively alleges that IMC pays automobile expenses for other employees of IMC, and other employees of IMC utilize vehicles leased to IMC in pursuance of IMC business.

9. Denies the allegations of paragraph 47.

10. Answering paragraph 48, the leased vehicles referred to therein, were not driven exclusively by Defendant's family. Further, any benefits the Defendant may have received from IMC, were recorded on his income tax returns.

11. Answering paragraph 58, all payments for dining out, groceries, Costco, and fees and costs for expert witnesses were business related and were not personal expenses of the Defendant.

12. Answering paragraph 59, denies the allegations therein, and allege that the charge referred to therein, was business related, and was related to a dinner purchased by IMC for an expert witness that testified in the matter of *Gral Holdings Key Biscayne, LLC*.

13. Denies the allegations of paragraphs 60 and 61.

14. Answering paragraph 66, the Plaintiff already had bank records.

15. Answering paragraph 67, if it was so important that the Defendant amend his monthly operating reports, the Plaintiff certainly could have made a motion with the court to compel the Defendant to amend his monthly operating reports. Obviously, it wasn't that important at the time.

16. Answering paragraph 68, reiterates and realleges its admissions, denials, and allegations to paragraphs 1 through 67.

17. Answering paragraphs 69 through 74, denies same as stating legal conclusions.

18. Answering paragraph 75, denies same as stating a legal conclusion.

19. Answering paragraph 76, denies same.

20. Answering paragraph 77, denies that any false statements were made.

21. Answering paragraphs 78 through 80, denies same.

22. Answering paragraph 81, denies same as being a legal conclusion.

23. Answering paragraphs 83 and 84, if the Plaintiff thought that it was so important to disclose bank records and monthly operating reports and amend monthly operating reports, the Plaintiff could have made a motion to order the Defendant to do so.

24. Denies the allegations of paragraphs 85, 86, 89, 90, 91 and 92.

25. Answering paragraph 87, denies same as stating legal a conclusion.

26. Answering the paragraph entitled "IV. Conclusion" denies same, and affirmatively alleges, the Plaintiff is guilty of poor pleading.

**Affirmative Defenses**

27. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

28. The Plaintiff had three and one half years to bring the issues raised in the Complaint to the attention of the Court. During that period of time, the Defendant fully met his duties as a Defendant-in-possession, timely filed monthly operating reports, periodic reports, and tax returns, which fully disclosed that Integral Management Company provided certain fringe benefits to the Defendant for which the Defendant reported for tax purposes. Furthermore, at least one member of the official committee of unsecured creditors, Bielinski Brothers Builders, Inc., had knowledge of the expenses that were incurred by Integral Management Company in connection with the Defendant's employment with it. Pre-petition, the Defendant turned over mountains of books and records to Bielinski Brothers Builders in connection with this discovery attempt. It wasn't until the conclusion of the Defendant's Chapter 11 case, that the Plaintiff raised the issues raised in the Complaint with the Defendant. The Defendant has been prejudiced by the delay and laches of which the Plaintiff is guilty. The Defendant has spent thousands of dollars in attempting to obtain a confirmed plan of reorganization but was continually thwarted by the negative attitude of the U.S. Trustee in not promoting the goal of Chapter 11 debtors, which is in the public interest, a confirmed plan of reorganization.

29. The Plaintiff had full knowledge or the ability to obtain full knowledge of the Defendant's activities since the filing of the petition. By failing to timely present those issues during the Defendant's Chapter 11 proceeding, the Plaintiff is guilty of the Doctrines of Waiver and Estoppel.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint.

Dated this _25_ day of September, 2019.

                                LAW OFFICES OF JONATHAN V. GOODMAN
                                Attorney for Defendant, Michael A. Gral

             By: _____
                                Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 North Jefferson Street - Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net