UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE: MICHAEL A. GRAL,          Bankruptcy Case No. 16-21329-gmh
(Chapter 7)

    Debtor.

---

PATRICK S. LAYNG,
United States Trustee,

    Plaintiff,

                                   Adversary Case No. 19-2146-gmh

    v.

Michael A. Gral,

    Defendant.

---

## UNITED STATES TRUSTEE'S MOTION IN LIMIINE

---

United States Trustee Patrick S. Layng, by Attorney Laura D. Steele, moves to exclude certain witnesses and exhibits named in the Defendant's pretrial report that are not relevant to the issue to be tried before the Court. In support of this motion *in limine,* the United States Trustee states:

*Law*

The Supreme Court of the United States defines a motion in limine as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions in limine further serve judicial economy by determining in advance of trial that proposed evidence is not relevant to the issues at hand. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a

Laura D. Steele
Attorney for the United States Trustee
517 E. Wisconsin, #430
Milwaukee, WI 53202
(414) 297-4499 fax (414) 297-4479

fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

*Background*

The Court's October 2, 2019 pretrial order required parties to serve and file lists of exhibits and witnesses by December 6. Docket No. 12. A pretrial conference is scheduled for December 10.

The court's pretrial order required the disclosure of each witness to include "a brief summary of the testimony each witness will provide at the trial (including for any witness expected to present evidence under Federal Rule of Evidence 702, 703, or 705, the subject matter on which the witness is expected to present that evidence, and a summary of the facts and opinions to which the witness is expected to testify."

*Failure to Comply With Expert Witness Disclosures*

The Defendant's pretrial report references two expert witnesses, Peter R. Bray and Jay Schmidt.

The Defendant submits that Peter R. Bray "will testify about the method of reporting the value of the fringe benefits received by Mr. Gral from IMC [Integral Management Co. LLC] and discuss any of the tax returns he or his firm prepared." The pretrial report does not include the required summary of facts or opinions to which the expert is expected to testify.

Jay Schmidt is disclosed as a "real estate broker who prepared a broker opinion of the value of the Debtor's residence on behalf of the first mortgage lender." The pretrial report does not include the required summary of facts or opinions to which the expert is expected to testify; moreover the broker report is not identified as an exhibit.

The Defendant's failure to provide information required by the Court's order regarding its experts is prejudicial to the United States Trustee. The Court should therefore exclude these proposed expert witnesses pursuant to its scheduling Order. Docket No. 12.

*Apparent Failure to Provide Correct Fed. R. Civ. P. 30(b)(6) Witness*

The pretrial report further discloses two additional witnesses, Donald J. Gral and Donald A. Gral. From the pretrial report, it appears that these individuals will testify on behalf of Integral Management Company LLC. The United States Trustee previously issued a subpoena to Integral Management Company LLC requesting testimony and documents. Case No. 16-21329, Docket No. 1721. Michael A. Gral appeared and testified on behalf of Integral Management Company LLC as its designated representative on October 30, 2019. Mr. Gral was asked by counsel for the United States Trustee to confirm that he was Integral Management Company LLC Fed. R. Civ. P. 30(b)(6) witness:

> Q. Okay. And, Mr. Gral, would you please state your full name?
> A. Yes. Michael Anthony Gral.
> Q. And, Mr. Gral, are you appearing as the witness most knowledgeable on behalf of Integral Management Company, LLC?
> A. Yes.
> Q. Are you familiar with Federal Rule of Civil Procedure 30(b)(6)?
> A. Not necessarily.
> Q. Okay. That's the Civil Rule that provides for the most knowledgeable witness to be subpoenaed to testify. You are that witness?
> A. Yes.
> Q. Okay. Thank you.

UST Exhibit No. 10, October 30, 2019 Deposition Transcript of Integral Management Company LLC at pgs. 5:16-24; 6:1-7.

At no time did Integral Management Company LLC submit Donald J. Gral or Donald A. Gral as its designated representatives. If the United States Trustee was denied the opportunity to conduct the deposition of Integral Management Company LLC's legitimate Rule 30(b)(6) witness, the United States Trustee is severely prejudiced in prosecuting this case. The Court should therefore limit testimony by Integral Management Company LLC to its designated representative, Michael A. Gral. *See* Fed. R. Civ. P. 37, made applicable by Fed. R. Bankr. P. 9037.

*Failure to File Exhibits*

The Defendant names Exhibits 108, 109, 110, 115, 116, and 117 within the pretrial report, but did not file them. Further, the Defendant did not identify corresponding docket entries. To the extent that these documents are not already within the Court's docket, these exhibits should be excluded from consideration at trial because the United States Trustee has not been provided copies as ordered by the Court.

*Lack of Relevance*

The Defendant's pretrial report cites several issues, witnesses, and exhibits that are not relevant to the United States Trustee's complaint under 11 U.S.C. §727(a)(4)(A) for the Defendant's failure to accurately disclose his income and personal use of non-debtor funds within his Chapter 11 monthly operating reports, schedules, statements, and personal budgets. These issues, witnesses, and exhibits are also not relevant to the Defendant's affirmative defenses of laches, waiver or estoppel.

<u>Irrelevant Witnesses</u>

Jay Schmidt – the Defendant fails to explain how valuation of his residence is relevant to the elements of 11 U.S.C. §727(a)(4)(A) or any of the Defendant's defenses. Accordingly, the Court should prohibit testimony from Mr. Schmidt.

Donald J. Gral – this witness was not the designated Fed. R. Bankr. P. 30(b)(6) witness of Integral Management Company LLC. It does not appear this witness has additional facts or information that require his testimony in addition to Integral Management Company LLC's designated corporate witness, Michael A. Gral.

Donald A. Gral – this witness was not the designated Fed. R. Bankr. P. 30(b)(6) witness of Integral Management Company LLC. It does not appear this witness has additional facts or information that require his testimony in addition to Integral Management Company LLC's

4

designated corporate witness, Michael A. Gral. Testimony regarding the structure of an unidentified entity and member management are not relevant to the issues and defenses before the Court.

### Irrelevant Exhibits

Exhibit 101 – United States Trustee's Memorandum Response to Legal Authority cited by the Debtor in Support of its Application to Employ the Law Offices of Jonathan V. Goodman as Counsel, *Integral Investments Prospect LLC* Case No. 18-27174 Docket No. 30. The issue of employment of counsel in a separate proceeding is not relevant to the issue of whether the Defendant's discharge should be denied.

Exhibit Nos. 111 (Gral Holdings Plan); 112 (Capital Ventures Plan); 118 (UCC Settlement term sheet); 120 (Professional Construction Invoice); and 121 (Park Bank Forbearance Agreement) are also exhibits that do not have any tendency to make a fact more or less probable than it would be without the evidence and do not contain facts that are of consequence in determining the action—whether the Defendant made false oaths within his budgets, monthly operating reports, schedules and statements with regard to his beneficial use of non-debtor funds. Fed. R. Evid. 401.

### Irrelevant Issues

The Defendant cites as issue "2" whether the United States Trustee caused the Defendant's failure to obtain a confirmed plan. Docket No. 15. This issue is clearly not relevant to the pending allegations. The Court should decline to hear evidence and argument as to this matter.

**Wherefore,** the United States Trustee respectfully requests that the Court consider this motion at the final pretrial conference scheduled for December 10, 2019, enter an order limiting the proposed evidence as set forth in this motion, and order such other relief as may be just.

Dated: December 9, 2019.

                                                PATRICK S. LAYNG
                                                United States Trustee


                                                _____

                                                LAURA D. STEELE
                                                Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

   I hereby certify that on December 9, 2019, I electronically filed the **UNITED STATES TRUSTEE'S MOTION IN LIMIINE** with the Clerk of the Bankruptcy Court using the ECF system, which will send notification of such filing to all appropriate ECF filers, and that I served this document via U.S. Mail on:

Michael A. Gral
6823 N. Barnett Lane
Fox Point, WI 53217

                   _____
                   Laura D. Steele, Trial Attorney
                   Office of the United States Trustee

7